Argued before GILDERSLEEVE, P. J., and SEABURY and LEHMAN, JJ.

James F. Higgins, for appellant.

David Sternlicht, for respondent.

PER CURIAM. This action was for rent. The plaintiff's agent testified that the defendant rented the premises at $25 per month, the rent to be paid on the 1st of each month; that the rent for the month of June, 1908, was paid; and that the tenant moved from the premises on July 8th without paying rent for that month. This was not disputed by the tenant. His reason for not paying the rent is as follows:

"I did not pay because he promised me— The house was a disreputable house, and I wanted to get out of it, and he promised me that he was going to put these people out, and he says: 'If I don't put them out you need not stay.' I could pay him for what days I was in."

This did not authorize the justice in rendering a judgment absolute in favor of the defendant. According to his own testimony he remained in the premises, after this promise on the part of the landlord, for eight days, for which he was liable, and for no more.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.

---

(62 Misc. Rep. 607.)

PISAPIA v. HARTFORD & N. Y. TRANSP. CO.

(Supreme Court, Appellate Term. April 8, 1909.)

1. CARRIERS (§ 83*)—BILL OF LADING—ACTION FOR BREACH.

Breach of a provision of a bill of lading that surrender of it shall be required before delivery of the goods gives a cause of action, though the goods are delivered to the consignee.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 310–313; Dec. Dig. § 83.*]

2. CARRIERS (§ 83*)—BILL OF LADING—CONSIGNEE.

Within the provision of a bill of lading that, if the word "order" is written thereon before the name of the party to whose order the property is consigned, without any other limitation than the name of the party to be notified of arrival, the surrender of the bill of lading shall be required before the delivery of the property, the consignor may be the consignee.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 310–313; Dec. Dig. § 83.*]

3. CARRIERS (§ 51*)—BILL OF LADING—CONSIGNEE.

Provision in a bill of lading to notify a certain person of arrival of the goods does not make him the consignee.

[Ed. Note.—For other cases, see Carriers, Dec. Dig. § 51.*]

4. CARRIERS (§ 55*)—BILL OF LADING—NEGOTIABILITY.

A bill of lading is negotiable, being such by its written terms, though the word "nonnegotiable" is printed on its face, evidently in view of the penal statute, under which the carrier must regard every bill of lading as negotiable unless such word is printed on its face.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 130, 168; Dec. Dig. § 55.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date. & Rep'r Indexes

5. CARRIERS (§ 83\*)—BILL OF LADING—BREACH—NECESSITY OF SHOWING DAMAGES.

There being a total failure to show damages, recovery cannot be had for breach of a provision of a bill of lading that surrender of it shall be required before surrender of the goods.

[Ed. Note.—For other cases, see Carriers, Dec. Dig. § 83.\*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Gennaro Pisapia against the Hartford & New York Transportation Company. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and SEABURY and LEHMAN, JJ.

Frederick C. Tanner (William F. MacRae, of counsel), for appellant.
M. S. Schector (S. M. Fischer, of counsel), for respondent.

LEHMAN, J. The plaintiff herein claims damages for breach of contract arising upon a contract made with the defendant as a common carrier. The alleged breach consisted of the failure to demand and retain the original bill of lading from the consignee before delivering the goods received for carriage to the consignee. The plaintiff claims that this agreement is to be found in clause 9 of the bill of lading which reads as follows:

"If the word 'order' is written hereon immediately before or after the name of the party to whose order the property is consigned, without any condition or limitation other than the name of the party to be notified of the arrival of the property, the surrender of this bill of lading properly indorsed shall be required before the delivery of the property at destination. If any other than the aforesaid form is used herein, the property may, at the option of the carrier, be delivered without requiring the production or surrender of this bill of lading."

At the trial the plaintiff put in evidence the bill of lading, containing the word "order" before the name of the consignor (plaintiff), and the word "notify" written partly over the printed words "consigned to." It also has printed on its face the word "nonnegotiable." Plaintiff then rested. Defendant claims:

(1) That no cause of action is alleged by the complaint, because it appears therefrom that the goods were actually delivered to the consignee, and this is the whole duty of the defendant.

The plaintiff is, however, not claiming for breach of the carrier's duty to deliver to the consignee, but upon the express words of the contract, which forbids him to deliver except upon the production of the bill of lading.

(2) That plaintiff has not brought himself within that clause, because the word "order" appears before his name, and not before the name of the consignee.

It will be observed that this clause does not say that the word "order" must be before the consignee's name. It simply says that it must be before the name of the person to whose order the goods are consigned, and contemplates that the consignor may also be the consignee.

Moreover, the Providence firm are not in fact the consignees, although so described in the complaint. Furman v. U. P. R. R. Co., 106 N. Y. 579, at page 587, 13 N. E. 587, at page 591:

"Here is no statement that Zucca Bros. are the consignees. The very presence of the word 'notify,' in its relation to them, shows that they are not intended as consignees."

I believe that under the authority of that case the complaint could have been brought for failure to deliver to the right consignee.

(3) That this bill of lading was nonnegotiable, and therefore no right of third parties could arise.

If my views above stated are correct, this is both untrue and immaterial, because the goods belonged to the plaintiff until delivered upon the transfer of the bill of lading; untrue, because in fact the bill of lading was negotiable. It is true that the word "nonnegotiable" is printed on the face of the bill of lading; but through its written terms it was negotiable. The explanation of these words is that under our penal statute the carrier must regard all bills of lading as negotiable unless these words are printed on their face.

The difficulty with this case is, however, that there is no proof of damage. The record consists of no evidence except the bill of lading and a statement of plaintiff's counsel, which may be considered a stipulation, but which contains no word as to damage.

Since the plaintiff has totally failed to show any damage, the judgment must be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.